United States District Court

Eastern District of California

Clarence Wayne Fuller,

    Petitioner,        No. Civ. S 05-0450 FCD PAN P

  vs.                    Order

D.L. Runnels, Warden, et al.,

    Respondents.

-oOo-

Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary

hearing is necessary, the decision to appoint counsel is discretionary. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules Governing § 2254 Cases.

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. See Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. Id. Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the petitioner's possession, viz., they do not require investigation outside the prison walls. Id. at 887-88.

Here, petitioner alleges the jury improperly was instructed, counsel was ineffective and his sentence is cruel and unusual. The law governing these issues is settled. Neither factual development nor legal insight are required because these proceedings are limited to claims that already were identified and presented to the California Supreme Court. There is, on the record before the court, no reason to believe appointment of counsel would be of

1 significant benefit.

2  Petitioner's March 7, 2005, request for the appointment of
3 counsel therefore is denied.

4  Dated: August 9, 2005.

<pre>
                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge
</pre>